# EXHIBIT A

Larry Lockshin (SBN 61926)
LARRY LOCKSHIN, ESQ.
A LAW CORPORATION
555 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 649-3777
Facsimile: (916) 649-3779
Email: LockshinLawCorp@aol.com

Attorneys for Plaintiff
MARGARITA ARRIAGA

FILED
YOLO SUPERIOR COURT
JAN 29 2010
BY S. JENSEN
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF YOLO

MARGARITA ARRIAGA by JOSE ARRIAGA, HER GUARDIAN AD LITEM

Plaintiff,

v.

TARGET CORPORATION aka TARGET and/or aka TARGET STORES and DOES 1 through 10, inclusive

Defendants.

No. CV10-238

**COMPLAINT FOR DAMAGES FOR FAILURE TO ACCOMMODATE KNOWN DISABILITY AND FAILURE TO ENGAGE IN A MEANING INTERACTIVE PROCESS**

**FACTUAL BACKGROUND**

1. Margarita Arriaga (Arriaga) was at all times relevant to this action, a resident of County of Yolo, California.

2. At all times herein mentioned the defendant, Target Corporation aka Target and/or Target Stores (hereinafter Target), was and now is, a corporation duly organized and existing under the laws of a state other than California but operating throughout California, including that certain store located at 2185 Bronze Star Drive, Woodland, California.

3. Arriaga is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued in this complaint as DOES 1 through 10, inclusive. Arriaga therefore sues these defendants by such fictitious names. Arriaga will amend

this complaint to show the true names and capacities of these DOE defendants when these have been ascertained. Each of the fictitiously named DOE defendants is legally responsible in some manner for the injuries and damages alleged in this complaint.

4. At all times herein mentioned, the defendants, and each of them, were the agents and/or employees of each of the other co-defendants, and in doing the things herein mentioned, were acting within the course and scope of such agency and/or employment, and with the permission and consent of each co-defendant.

5. At all times material, Arriaga was a multi-year employee of Target employed as a clerk at the Target store located at 2185 Bronze Star Drive, Woodland, California. Arriaga was hired by Target in 1992.

6. Arriaga at all times material was and is mentally disabled as a result of congenital cognitive deficits which have resulted in Arriaga having since childhood a measured IQ of 70 or below.

7. As a result of her above described mental disability, Arriaga during her life has suffered from impairments which limit and/or interfere with her ability to engage in many of those normal and daily activities of life including an inability not to be able to keep accurate track of time and to become forgetful in a work environment of when it is that she should take meal break and/or rest breaks.

8. Despite her above described impairments and mental disability, Arriaga was able to obtain employment with Target in 1994 through the assistant of non-profit community organization which interceded with employers such as Target on behalf of mentally disabled persons such as Arriaga. Over the entire course of Arriaga's employment with Target, from 1994 until and including 2009, a representative of one or more of these organizations on a frequent and repetitive basis occurring various times each year would visit the Target store where Arriaga was employed and communicate with Arriaga and her managers in order to ensure that Arriaga was performing adequately. The representatives would also to intercede on Arriaga's behalf with regard to any problems that might arise as a result of her mental disability and impairments

9. Target at all times material had actual and constructive knowledge of Arriaga's mental disabilities, her above-described impairment and also Arriaga's resulting need for accommodations at work including the need for Arriaga to be reminded by a Target employee of when it was that she was to take her meal and/or rest breaks.

10. During the many years of Arriaga's employment with Target and despite her above-described mental disability and impairments, Arriaga was able to adequately perform her job at Target as long as Arriaga received the necessary, above-described accommodation. Arriaga was thus able over the course of her employment to receive favorable evaluation reports from Target and its various managers who had supervisory responsibilities over Arriaga over the course of her more than 14 years of employment with Target.

11. During the course of most of Arriaga's more than 14 years as a Target employee, Target accommodated Arriaga's mental disability as above-described without any interference in its business operations and without any cost to Target. For reasons never explained to Arriaga, Target in 2009 stopped its practice of accommodating Arriaga's above-described impairment of providing her with oral notice of when it was that she should take her meal or rest breaks. As a result of Target's withdrawal of this accommodation, Arriaga then worked past her meal or rest breaks.

12. In or about June 2009, without any verbal or written warning to Arriaga and without any verbal or written warning to any of those outside persons or agencies who Target knew had acted on Arriaga's behalf in the past with regard to her mental disability, Target terminated Arriaga from her employment because of Arriaga's above-described mental disability and resulting impairment.

13. In December, 2009 Arriaga filed a complaint of discrimination against Target with the California Department of Fair Employment and Housing (DFEH) because Target disability discrimination against her, because of Target's failure to accommodate Arriaga's mental disability and Target's failure to engage in a meaningful interactive process with Arriaga to arrive at a reasonable accommodation. A "Right to Sue" letter was received back from the DEFH in January 2010.

**FIRST CAUSE OF ACTION**

**(Failure to Accommodate and Disability Discrimination)**

The Plaintiff Margarita Arriaga, by and through her Guardian Ad Litem, Jose Arriaga, complains of the Defendants Target Corporation and DOES 1 through 10, inclusive and alleges as follows:

14. Plaintiff incorporates and alleges as if set forth in full paragraphs 1 through 13.

15. Arriaga at all times relevant is and was mentally disabled as within the California Government Code Section 12926.1(b)(c).

16. Target's removal of those accommodations previously provided plaintiff in the face of Target's actual and constructive knowledge of plaintiff's above-described mental disability was and is a violation of Government Code Section 12940(a) in that Arriaga was discriminated against because of her mental disability and, further, because Arriaga at all times material was able to perform her essential job duties when provided with reasonable accommodations in a manner that did not endanger her health or safety or the health and safety of others. Further, the above-described accommodations were without any significant or substantial cost to Target and did they did not in any way interfere with Target's ability to conduct its business operations.

17. As a direct and legal cause resulting from Target's above-described discriminatory and wrongful conduct, Arriaga was and continues to be caused to suffer harm and actual damages including past lost wages, the loss fringe benefits including medical insurance benefits for herself and her minor child and the loss of a future earning capacity.

18. As a further direct and legal cause resulting from Target's above-described discriminatory and wrongful conduct, Arriaga did and continues to suffer humiliation, embarrassment, severe mental anguish and anxiety because of the loss of medical insurance benefits for herself and her minor child who is a "special needs" child with his own chronic medical issues which require regular medical treatment. Arriaga has also suffered and continues to suffer the loss of enjoyment of the ordinary pleasures of every day life, including the right to pursue gainful employment of her choice without being illegally victimized and discriminated

against due to her mental disability, all to her damages according to proof as will be established at trial.

19. The above-described wrongful conduct of Target was done with malice, fraud and/or oppression and in reckless and/or conscious disregard of plaintiff's legal rights entitle plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth

**SECOND CAUSE OF ACTION**

**(Failure to Engage In Required Interactive Process)**

Margarita Arriaga, by and through her Guardian Ad Litem, Jose Arriaga, complains against Target Corporation and DOES 1 through 10 and alleges as follows:

20. Plaintiff hereby reincorporates and realleges as if set forth in full paragraphs 1 through 16.

21. At all times material, Target was legally required, pursuant to Government Code Section 12940(n) to engage in a timely, good faith interactive process with Arriaga in order to determine effective reasonable accommodations given Target's actual knowledge of Arriaga's mental disability and resulting impairments.

22. At no time before Target terminated Arriaga's employment in June 2009 but subsequent to Target's above-described 2009 withdrawal of its long provided accommodation to Arriage, did Target engage in any interactive process with Arriaga nor did Target make any contact with or attempt to contact any person or organization which in the past was known to Target to act on behalf of Arriaga in order to determine those other reasonable accommodations required in order that Arriaga could continue to maintain her employment with Target and also at the same time, allow Arriaga to have notice of when she was to take her meal or rest breaks. Had Target engaged in a meaningful interactive process with Arriaga, other reasonable accommodations would have been arrived at in order to allow Arriaga to continue her employment with Target.

23. As a direct and legal result of Target's above-described failure to engage in a meaningful interactive process with Arriaga, Arriaga was wrongfully terminated by Target in June 2009.

24. As a further direct and legal cause resulting from Target's above-described discriminatory and wrongful conduct against Arriaga, plaintiff did and continues to suffer humiliation, embarrassment, severe mental anguish and anxiety including anxiety because of the loss of medical insurance benefits for herself and her minor child who is a "special needs" child with his own chronic medical issues which require regular medical treatment. Arriaga has also suffered and continues to suffer the loss of enjoyment of the ordinary pleasures of every day life, including the right to pursue gainful employment of her choice without being illegally victimized due to her mental disability, all to her damages according to proof as will be established at trial.

25. The above-described discriminatory actions of Target were done with malice, fraud and/or oppression and in reckless and/or conscious disregard of plaintiff's legal rights under California's Fair Employment and Housing Act, entitled plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth

**THIRD CAUSE OF ACTION**

**(Abusive Process)**

As and for a Third Cause of Action, Margarita Arriaga complains against the Defendant Target Corporation and DOES 1 through 10, inclusive and alleges as follows:

26. Arriaga realleges and incorporates as if set forth in full paragraphs 1 through 19 of the First Cause of Action and paragraphs 21 through 25 of her Second Cause of Action.

27. Subsequent to Target's illegal termination of Arriaga's employment in June 2009, Arriaga made application with California's Employment Developmental Department as she was entitled to do for unemployment benefits.

28. Target, without any factual basis to justify its actions, opposed in writings delivered to the Employment Development Department Arriaga's application for unemployment benefits and falsely accused Arriaga of conduct which Target alleged was the equivalent of a

voluntary resignation of her employment. The true facts, which were always known to Target, was that Arriaga never engaged in any wrongful conduct which is the equivalent of a voluntary resignation and that Arriaga at all times was legally entitled to the unemployment benefits for which she had applied.

29. Target's knowing, wrongful opposition to Arriaga's application for unemployment benefits was an abuse of that process provided by a law by which an employer can when the facts so justify, oppose a terminated employee's application for unemployment benefits in that Target's opposition was not in good faith, was knowingly based on false information and allegations and was done for no purpose other than to further damage and harm Arriaga.

30. Subsequent to Target's wrongful opposition to Arriaga's application for unemployment benefits, California's Employment Development Department conducted its own investigation of the facts and determined that Target's opposition to the application for benefits was without merit and that Arriaga was in fact entitled under law to the benefits for which she had applied.

31. Target's above-described wrongful abuse of process caused Arriaga further humiliation, embarrassment, mental anguish and anxiety in addition to that which she was already suffering from as a result of Target's illegal termination of Arriaga as described hereinabove, all to her damages according to proof will be established at trial.

32. The above-described wrongful actions and abuse of process by Target were done with malice, fraud and/or oppression and in reckless and/or conscious disregard of Plaintiff's legal rights and Arriaga is entitled to punitive damages.

WHEREFORE, Arriaga prays for that relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

As and for a Fourth Cause of Action, Margarita Arriaga complains against the Defendant Target Corporation and DOES 1 through 10, inclusive and alleges as follows:

33. Arriaga realleges and incorporates as if set forth in full paragraphs 1 through 16 of the First Cause of Action and paragraphs 22 through 23 of her Second Cause of Action and Paragraphs 26 through 30 of her Third Cause of Action..

34. At all times material, Target knew or should have known that its actions of disability discrimination, failure to accommodate, failure to engage in that interactive process required by law as set forth in Government Code Section 12940 et seq. and its abuse of process would cause Arriaga to suffer severe emotional distress and damage.

35. As a direct and legal result of Target's above described wrongful conduct against Arriaga resulting not only from Target's discrimination against her as a result of her mental disability but also Target's failure to accommodate and failure to engage in the required meaningful interactive process and, further, Target's abuse of process as hereinabove described, Arriaga suffered humiliation, embarrassment and severe mental anguish and anxiety all to her damages according to proof as will be established at trial.

WHEREFORE, Arriaga prays for that relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

As and for a Fifth Cause of Action, Margarita Arriaga, by and through her Guardian Ad Litem, Jose Arriaga, complains against Target and DOES 1 through 10, inclusive and alleges as follows:

36. Arriaga realleges and incorporates as if set forth in full paragraphs 1 through 19 of the First Cause of Action and paragraphs 22 through 25 of her Second Cause of Action and paragraphs 26 through 32 of her Third Cause of Action..

37. The above-described illegal and wrongful conduct of Target, was outrageous and intentional and done with malice and/or reckless disregard of the likelihood of causing plaintiff to suffer severe and extreme emotional distress.

38. As a direct and legal result of the above-described outrageous acts of the defendants, and each of them, Arriaga has suffered humiliation, embarrassment, severe mental

anguish and anxiety, including gastronal intestinal distress and pain, the inability to sleep, panic attacks accompanied by profuse sweating and severe heart palpitations caused by fear for her economic future and how it was that she would be able to pay for the continuing medical care required by her minor child, nightmares and other physical manifestations of her inner severe emotional turmoil.

39. The above-described conduct of Target is such as to entitle Arriaga to punitive damages.

WHEREFORE, Arriaga prays:

(1) For special damages, including past loss of earnings and loss of future earning capacity, according to proof.

(2) For general damages, according to proof;

(3) For punitive damages, according to proof;

(4) For reasonable attorneys' fees;

(5) For costs of suit incurred herein; and

(6) For such other and further relief as the court may deem just and proper.

Dated: January 28, 2010

LARRY LOCKSHIN, ESQ.
A Law Corporation

By: ______________________
Larry Lockshin
Attorney for Margarita Arriaga and Guardian Ad Litem Jose Arriaga

# EXHIBIT B

FILED
YOLO SUPERIOR COURT
MAY 1 1 2010
BY V. PEREZ
DEPUTY

JACKSON LEWIS LLP
JAMES T. JONES (SBN 167967)
JERRY J. DESCHLER (SBN 215691)
801 K Street, Suite 2300
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141

Attorneys for Defendant
TARGET CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF YOLO

MARGARITA ARRIAGA by JOSE ARRIAGA, HER GUARDIAN AD LITEM

Plaintiff,

v.

TARGET CORPORATION aka TARGET and/or aka TARGET STORES and DOES 1 through 10, inclusive

Defendants.

Case No.: CV10-238

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint filed: January 29, 2010

Defendant TARGET CORPORATION ("Defendant") hereby answers Plaintiff MARGARITA ARRIAGA by JOSE ARRIAGA, HER GUARDIAN AD LITEM's ("Plaintiff") unverified Complaint For Damages For Failure to Accommodate Known Disability and Failure to Engage in a Meaning[sic] Interactive Process, without waiving it's right to remove this case to federal court as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint.

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the Complaint herein, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is barred from any recovery under her Complaint, or any cause of action alleged therein, to the extent Plaintiff comes to this Court with unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the doctrine of waiver applies.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for her alleged economic damages and non-economic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery set forth in Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint as a whole, and each purported cause of action alleged therein, is barred to the extent Plaintiff lacks standing to assert such a cause of action.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of

the California Workers' Compensation Act (see California Labor Code section 3600 et seq.). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges that her injuries: (1) occurred at a time when both Plaintiff and Defendant were subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to her employment; and (3) were proximately caused by the employment.

**NINTH AFFIRMATIVE DEFENSE**

9. Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the doctrine of after acquired evidence, or the doctrine of after acquired evidence limits and reduces Plaintiff's alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendant is relieved of any liability whatsoever as to Plaintiff's causes of action to the extent that any unlawful conduct alleged against Defendant's current and/or former employees occurred outside the course and scope of their employment.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff expressly and/or impliedly assumed the risk of her actions or the actions of Defendant, and Plaintiff's alleged injuries and damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The injuries which Plaintiff alleges in her Complaint, and each cause of action thereof, if they exist at all, resulted from a cause or causes not proximately related to any act or omission by Defendant.

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff is barred from seeking an award of damages for her purported injuries, if any, or any recovery of damages must be reduced to the extent any such injuries and damages sustained by Plaintiff were proximately caused and contributed to by the negligence or other fault of Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the applicable statute(s) of limitation, including but not limited to, Code of Civil Procedure sections 335.1 and 343, and Government Code section 12965(b), apply.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff failed to exhaust the administrative remedies required under the Fair Employment and Housing Act of California, i.e., to the extent Plaintiff has failed to file a timely complaint with the Department of Fair Employment and Housing and/or Plaintiff has failed to obtain a notice of the right to bring a civil action from the Department of Fair Employment and Housing, as required by Government Code Section 12965(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because the practice alleged by Plaintiff to be discriminatory is justified by a bona fide occupational qualification, in that all employees are required to comply with applicable wage and hour laws and the essence of Defendant's business operation would therefore be undermined if Defendant were required to subject itself to liability by permitting employees to violate such laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because the practice complained of by Plaintiff, namely requiring employees to comply with wage and hour laws, is permissible and is not a violation of the Fair Employment and Housing Act, because an overriding legitimate business purpose exists, which

makes this practice necessary to the safe and efficient operation of Defendant's business. This practice fulfills such a business purpose and is the only reasonable practice that could accomplish this purpose.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because Plaintiff's compliance with wage and hour laws is permissible under the Fair Employment and Housing Act and it is related to an essential function of the job in question.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because Plaintiff, as a result of her disability or medical condition, is unable to perform the essential duties of the position from which she was discharged, even with reasonable accommodation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because the accommodation sought by Plaintiff for her disability or medical condition would impose an undue hardship on Defendant in that such an accommodation would be unduly costly or burdensome or so negatively impact the operation of the business.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff's Complaint, and each and purported cause of action alleged therein, is barred in whole or in part because Defendant provided a reasonable accommodation to Plaintiff for her alleged disability or medical condition.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Defendant is not liable for Plaintiff's emotional distress, if any, because Defendant's conduct was privileged, in that Defendant was exercising its legal rights; Defendant's conduct was lawful and consistent with community standards; and Defendant had a good-faith belief that it had a legal right to engage in the conduct.

///

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendant is relieved of any liability whatsoever as to Plaintiff's purported cause of action for emotional distress to the extent any outrageous or unlawful conduct by its current and/or former employees occurred outside the course and scope of their employment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff is barred from recovering any damages, or her damages must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. The liability of Defendant, if any, for any non-economic damages claimed by Plaintiff is limited by Civil Code sections 1431.1, *et. seq.*

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Any damages claimed by Plaintiff are barred, or must be reduced, by the doctrine of avoidable consequences to the extent: (1) Defendant took reasonable steps to prevent and correct any workplace behavior alleged to have been unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm Plaintiff suffered.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. The Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendant because any alleged discriminatory conduct by Defendant's employees (which Defendant denies) was contrary to Defendant's anti-discrimination policies, which Defendant implemented in good faith and fairly and adequately enforced.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. The Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendant because no officer, director or managing agent of Defendant acted with advance knowledge and/or conscious disregard of Plaintiff's legal rights; nor did such a person authorize or ratify any act of oppression or fraud, or commit such an act with malice.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Any award of punitive damages is unconstitutional to the extent it is unreasonable and disproportionate under State Farm Mutual Auto. Ins. Co. v. Campbell (2003) 538 U.S. 408.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Any award of punitive damages is unconstitutional to the extent it constitutes an excessive fine in violation of the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendant under California Civil Code sections 3294 and 3295.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. Although Defendant denies it has committed or has responsibility for any act that could support recovery of punitive damages in this lawsuit, to the extent any such act could support recovery of punitive damages against Defendant, it is unconstitutional under the United States Constitution and the California Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. The Complaint, and each and purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For cost of suits incurred herein including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

Date: May 11, 2010

JACKSON LEWIS LLP

By: ______________________

James T. Jones
Jerry J. Deschler, Jr.

Attorneys for Defendant
TARGET CORPORATION

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis LLP, 801 K Street, Suite 2300, Sacramento, California 95814.

On May 11, 2010, I served the within:

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the parties in said cause:

☐ by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis LLP's ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Federal Express or delivering to an authorized courier or driver authorized by Federal Express to receive documents, addressed as set forth below.

☐ by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ by forwarding a true and correct copy by e-mail from e-mail address _____________ to the person(s) at the e-mail address(es) set forth below.

Larry Lockshin (SBN 61926)
LARRY LOCKSHIN, ESQ.
A LAW CORPORATION
555 University Avenue, Suite 200
Sacramento, California 95825

Attorney for Plaintiff

Telephone: (916) 649-3777
Facsimile: (916) 649-3779
Email: LockshinLawCorp@aol.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 11, 2010 at Sacramento, California.

KAzuno