| | |
|---|---|
| 1 | LARRY LOCKSHIN (SBN 61926) |
| 2 | LARRY LOCKSHIN, ESQ.<br>A LAW CORPORATION |
| 3 | 555 University Avenue, Suite 200<br>Sacramento, California 95825 |
| 4 | Telephone:  (916) 649-3777<br>Facsimile:  (916) 649-3779 |

Attorneys for Plaintiff
MARGARITA ARRIAGA

JAMES T. JONES (SBN 167967)
JERRY J. DESCHLER JR. (SBN 215691)
JACKSON LEWIS LLP
801 K Street, Suite 2300
Sacramento, California 95814
Telephone:  (916) 341-0404
Facsimile:  (916) 341-0141

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARGARITA ARRIAGA by JOSE ARRIAGA, HER GUARDIAN AD LITEM<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION aka TARGET and/or aka TARGET STORES and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 2:10-CV-01167-LKK-CKD<br><br>**STIPULATION OF THE PARTIES AND REQUEST RE TARGET'S MOTION FOR SUMMARY JUDGMENT AND ORDER THEREON**<br><br>Complaint filed: January 29, 2010 |

The Plaintiff, Margarita Arriaga, and her Guardian Ad Litem, Christine Bryson, and the Defendant, Target Corporation, through their respective attorneys of record hereby stipulate and request from the Court such relief as is hereinafter described for the following reasons:

1.  On March 9, the parties had an all-day mediation in front of retired United States District Court Judge Raul Ramirez. A tentative settlement of the case was achieved pending final

1

agreement on the language of the settlement papers. The parties, through their attorneys, have arrived at a final agreement of the wording of the settlement papers. It is expected that the parties and their representatives will execute the settlement papers within a matter of days. Target desires that the settlement remain confidential to the greatest extent possible and Plaintiff has agreed to this.

2.   This litigation arises out of claims by Plaintiff that Target failed to accommodate her developmental disability and failed to engage in the interactive process with her as required by California Fair Employment and Housing Act, Government Code section 12940 *et seq*. Plaintiff is presently 40 years old. Plaintiff was terminated by Target in June 2009 and was out of work for five months. Since November 2009, Plaintiff has been regularly employed by Home Depot. At the time of her termination, plaintiff was earning $10.60 per hour. She was earning approximately $2.00 an hour less at Home Depot and works there as she did at Target approximately 32 hours per week.

3.   On March 12, Target filed a motion for ummary judgment. The hearing on the motion is scheduled for April 9. Target explains it did so because it wanted to maintain its right to have the Court hear this motion in the event that an irreconcilable inability arose between the parties preventing agreement on the final wording of the settlement documents or if the Court did not approve this settlement as described below. Plaintiff disputes the merits of Target's motion in its entirety, contends there are procedural defenses, and reserves her rights to contest the motion on the merits or on procedural grounds, if necessary. Regardless of these competing claims, neither party believes it is now necessary or prudent for Plaintiff and her counsel to be required to expend the significant time and energy necessary to oppose Target's motion. Target filed its motion in good faith for the above-described reasons but the parties agree that this case has settled, subject to the Court's approval.

4.   Because Margarita Arriaga is represented by a Guardian Ad Litem, the parties recognize that this settlement requires court approval from this Court. The parties also understand that court approval may take a period of weeks to allow for the preparation of those papers required to be filed in this Court and for the Court to adjudicate the issue.

2

5. Based on the foregoing and because the parties believe the settlement is fair and anticipate the Court will approve the agreement, the parties request that this Court continue the Target motion for hearing to a later date in late June or July or, in the alternative, remove the motion from the Court's calendar without prejudice to Target refiling its motion for summary judgment in the event this Court does not approve the settlement reached between the parties.

Dated: March 16, 2012  LARRY LOCKSHIN, ESQ.
A LAW CORPORATION


By: /s/ Larry Lockshin
Larry Lockshin, Esq.
Attorneys for Plaintiff Margarita Arriaga

Dated: March 16, 2012  JACKSON LEWIS LLP


By: /s/ James T. Jones
James T. Jones, Esq.
Attorneys for Defendant Target Corporation

## ORDER

Based on the foregoing stipulation and good and sufficient legal cause and justification appearing therefor,

**IT IS HEREBY ORDERED** that the motion for summary judgment and/or summary adjudication be removed from the April 9, 2012 hearing calendar without prejudice to Target being allowed to refile the motion within 30 days of this Court's ruling on Plaintiff's motion for approval of the terms of the settlement agreement if the settlement agreement is not approved.

Dated: March 23, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT