UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGARITA ARRIAGA by
CHRISTINA BRYSON, HER
GUARDIAN AD LITEM,

                        NO. CIV. S-10-1167 LKK/KJM

    Plaintiff,

  v.

                        O R D E R

TARGET CORPORATION aka
TARGET and/or TARGET
STORES and DOES 1 through 10,
inclusive,

    Defendants.
_____/

    On March 23, 2012, this court removed defendant's motion for summary judgment from the calendar, pending settlement of the matter (Dkt. No. 65). The parties have now filed a joint request to seal their joint application to settle this matter, along with the settlement documents and the proposed order settling the case.

    However, the sole Ninth Circuit case the parties have cited in support of their request to seal documents speaks quite strongly against the sealing of such documents, and in support of the

1

1 "'general right to inspect and copy public records and documents, including judicial records and documents.'" <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 & n. 7 (1978).

Under <u>Kamakana</u>, dispositive documents are not sealed unless the parties can show "compelling reasons" to do so. <u>Kamakana</u>, 447 F.3d at 1178-79 (a party "seeking to seal a judicial record ... bears the burden of overcoming" the "strong presumption in favor of access," and this presumption "applies fully to dispositive pleadings"). The parties have offered no compelling reasons to seal these documents, and the court will not do so. Defendant's concern that failure to seal these documents may hurt its chances in future litigation, <u>see</u> Dkt. No. 66 at pp. 6-7, is not a compelling reason.[1]

Accordingly,

1. The joint request to seal settlement documents is **DENIED**;

2. The parties (or either of them) shall, no later than two weeks from the date of this order, notice the Local Rule 202 motion to approve the settlement (in compliance with Local Rule 202 &

---

[1] The parties assert, improbably, that the settlement documents completely disposing of this entire case are "unrelated" to the "underlying cause of action," or are "only tangentially related" to it, thus permitting the documents to be sealed under a "good cause" standard. The parties offer no explanation for why they assert that the dispositive settlement documents are "unrelated" to the underlying cause of action. In any event, the court is not convinced that defendant's concern about its chances in future litigation is good enough even for the "good cause" standard.

2

230), or notify the court that the summary judgment motion should be returned to the calendar.

IT IS SO ORDERED.

DATED:  April 16, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3