UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGARITA ARRIAGA by
CHRISTINA BRYSON, HER
GUARDIAN AD LITEM,

                                    NO. CIV. S-10-1167 LKK/KJM

        Plaintiff,

    v.

                                    O R D E R

TARGET CORPORATION aka
TARGET and/or TARGET
STORES and DOES 1 through 10,
inclusive,

        Defendants.

_____/

**I.    BACKGROUND**

    Plaintiff is Margarita Arriaga, as represented by her Guardian

ad Litem Christina Bryson.[1]  Arriaga alleges that she is mentally

disabled.  Arriaga worked for defendant Target Corp. as a clerk,

for approximately 16 years.  In obtaining and maintaining the job,

_____

    [1] The court earlier substituted Ms. Bryson as Guardian ad
Litem, in the place of José Arriaga, who had moved out of the
country.  Dkt. No. 28 (September 23, 2011).

1

1  Arriaga had the support of a non-profit community organization that
2  interceded in several ways to make sure she could perform the job.
3  In June 2009, Target terminated Arriaga.  Target says that it did
4  so because Arriaga had repeatedly violated its policy requiring her
5  to "clock-out" before taking her meal periods, and that it was not
6  aware of her alleged disability.  Arriaga says that she was
7  terminated because of her disability, and that the disability
8  interfered with her ability to keep track of time and to comply
9  with the meal period clock-out policy.

10  Arriaga sued under California's Fair Employment and Housing
11  Act, and also claimed "abusive process" and intentional infliction
12  of emotional distress.  There are no federal claims.[2]

13  The parties have agreed to a settlement of $275,000 for
14  Arriaga.  The net amount of the settlement that will go to Arriaga
15  for lost wages and non-wage damages is $109,519.97.  The attorneys
16  will get $165,480.03, representing one-third of the settlement
17  amount plus reimbursement of all their litigation expenses. The
18  Guardian ad Litem has approved the settlement agreement, and has
19  signed it.  The parties jointly request that the court approve the
20  settlement.[3]  There is no opposition.

21  **II.  STANDARDS**

22  The court has a duty to protect the interests of any "minor or

23

24  [2] The complaint was filed in Superior Court, and was removed
to this court solely on the basis of diversity jurisdiction.
25

26  [3] The court denied the parties' earlier request to file the
joint motion under seal.  Dkt. No. 68 (April 17, 2012).

2

1  ... incompetent person" participating in litigation before the

2  court.  See Fed. R. Civ. P. 17(c)(2); Salmeron v. U.S., 724 F.2d

3  1357, 1363 (9th Cir. 1983).   To carry out this duty, the court

4  appoints a Guardian ad Litem, and conducts "its own inquiry to

5  determine whether the settlement serves the best interests" of the

6  plaintiff.  Fed. R. Civ. P. 17(c)(2); Robidoux v. Rosengren, 638

7  F.3d 1177, 1181 (9th Cir. 2011) (internal quotations omitted).  The

8  court's inquiry focuses solely on an evaluation of "whether the net

9  amount distributed to each minor plaintiff in the settlement is

10 fair and reasonable, in light of the facts of the case, the minor's

11 specific claim, and recovery in similar cases."  Ribodoux, 638 F.3d

12 at 1182.[4]

13 **II. ANALYSIS**

14      The question before the court is whether the net amount going

15 to Arriaga – $109,519.97 – is fair and reasonable in light of the

16 facts of the case, the minor's specific claims and recoveries in

17 similar cases.  See Robidoux, 638 F.3d at 1182.  The parties have

18 not directed the court's attention to any comparable cases.

19      The court's own research shows that the $250,000 settlement

20 amount and the net award of $109,519.97 to Arriaga – the net is

21 composed of $32,855.99 in lost wages, and $76,663.98 in non-wage

22 damages – is within the range of settlements in comparable cases,

23 and is fair and reasonable to the children.  See Jadwin v. County

24

25      [4]  This evaluation must be made "without regard to the
26 proportion of the total settlement value designated for adult co-
   plaintiffs or plaintiffs' counsel."  Ribodoux, 638 F.3d at 1182.

1  of Kern, 2009 WL 2837507, 38 Trials Digest 12th 15 (E.D. Cal. June

2  8, 2009) (Wanger, J.) ($505,457 verdict for the Chair of Pathology

3  at Kern Medical Center, in a lawsuit claiming discrimination under

4  the California Fair Employment and Housing Act and federal claims);

5  Anderson v. American Airlines Inc., 2008 WL 3166832 (N.D. Cal. July

6  17, 2008) (Illston, J.) ($1.2 million verdict for a flight

7  attendant of 29 years, in a lawsuit claiming discharge in violation

8  of the California Fair Employment and Housing Act).[5]

9  **IV.   CONCLUSION**

10       For the reasons set forth above:

11           1.   The parties' joint Motion for Court Approval of

12  Proposed Settlement Entered Into Between the Parties (Dkt. No. 69),

13  is **GRANTED**;

14           2.   The hearing on this motion, scheduled for May 21,

15  2012, is **VACATED**; and

16           3.   Defendant's Motion for Summary Judgment (Dkt. No.

17  60), is **DENIED** as moot.

18       IT IS SO ORDERED.

19       DATED:  May 14, 2012.

22                        LAWRENCE K. KARLTON
23                        SENIOR JUDGE
                          UNITED STATES DISTRICT COURT

25  _____

26       [5] In addition, the joint settlement complies with E.D. Cal.
     R. 202(b) and (c).

                                    4